

CHARLES GOODMAN, complainant-appellant,

*v.*

JOHN A. BOEHME et al., defendants-respondents.

[Decided January 26th, 1938.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Berry, who filed the following opinion:

"Defendant, a judgment creditor of one Sophie Shapiro, had an execution issued and a levy made upon certain personal property covered by a chattel mortgage which had been given by Shapiro to complainant. Subsequent to the levy complainant foreclosed his chattel mortgage and obtained a constable's bill of sale for the goods. He then filed a claim of property which was tried before a judge and jury at the Monmouth pleas, and which resulted in a verdict that the goods were not the property of the claimant but were owned by the judgment debtor.

"Thereafter the complainant argued before the trial judge

a rule to show cause why a new trial should not be ordered and subsequently and without success argued before Supreme Court Justice Perskie a rule to show cause why a writ of *certiorari* should not issue.

"His next step was to file this bill seeking a decree awarding him possession of the goods and establishing the chattel mortgage as a valid lien prior to the lien of the sheriff's levy.

"Defendant moves to dismiss the bill on the ground that complainant is bound by his election of remedies. The point is well taken. Complainant participated in the trial under the claim of property and is bound by it. *Berry* v. *Chamberlain, 53 N. J. Law 463; G. O. K. Enterprises, Inc.,* v. *Moos, 116 N. J. Eq. 175.*

"Complainant; however, seems to contend that the claim of property was based not on the chattel mortgage but on the bill of sale; for he asserts that there was no merger of the mortgage in the title conveyed by the bill of sale, and that, therefore, his mortgage is still in existence and capable of supporting this action. But complainant relied upon that title in his attempt to eliminate the intervening creditor, and this would indicate that at that time he considered that there had been a merger. In any event, that was the effect of his actions and it is now too late for him to take a contrary position.

"The bill will be dismissed."

*Mr. Charles S. Okin,* for the appellant.

*Messrs. Matlack & Lautman,* for the respondents.

PER CURIAM.

The order appealed from will be affirmed, for the reasons expressed in the opinion filed by Vice-Chancellor Berry in the court of chancery.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—None.